UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANDY M. CARTER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:06-CV-533(DDN) |
|  | ) |  |
| JILL McGUIRE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Randy M. Carter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### The petition

Petitioner pleaded guilty to three counts of sale of a controlled substance. See Carter v. State, 924 S.W.2d 580, 581 (Mo. App. E.D. 1996). Petitioner was sentenced to three concurrent twelve year terms of imprisonment.[1] Petitioner sought, but was denied, post-conviction relief pursuant to Rule 24.035 of the Missouri Rules of Criminal Procedure. See Carter v. State, 962 S.W.2d 462, 463 (Mo. App. E.D. 1998).

In the instant petition, petitioner claims that he was denied effective assistance of counsel and that his controlled

---

[1] In addition to the controlled substance convictions, petitioner entered Alford pleas on three counts of stealing a firearm and one count of burglary second degree. Carter v. State, 924 S.W.2d at 581. Petitioner was sentenced to concurrent seven year terms of imprisonment on each of these convictions. Id.

substance convictions are invalid because the criminal statutes on which the convictions are based had been repealed.

## Discussion

Title 28 U.S.C. § 2244(d)(1) now provides that a one-year period of limitations applies to an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). As relevant to this case, the limitation period runs from the date petitioner's judgment became final by conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1). Under state law, petitioner's judgment became final for purposes of direct appeal when judgment and sentence were entered - which appears from the petition to be in April 1994. See Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. 1979). Petitioner had ten days after the judgment became final to file a notice of appeal. Mo. R. Crim. P. 30.01(d). Thus, it appears that petitioner's judgment became final, for purposes of the one-year limitation, on or about April 18, 1994.

The time during which petitioner's properly filed Rule 24.035 action was pending in the state courts does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). The Missouri Court of Appeals, Eastern Division, affirmed the denial of petitioner's motion for Rule 24.035 relief on March 3, 1998. Consequently, petitioner had until, at the latest, one year from that date - or until March 3, 1999 - to file an

2

application for federal habeas relief.  The instant § 2254 petition, however, was not filed until March 30, 2006 - more than seven years after the expiration of the one-year limitations period.

Petitioner contends that the one-year limitations period should be equitably tolled due to his lack of knowledge.  Even if the one-year period of limitations is subject to equitable tolling, see Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999), petitioner has not asserted any facts indicating that equitable tolling applies in this case.  "[E]quitable tolling is appropriate: (1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion, . . . or (2) if the government's conduct 'lulled' him into inaction through reliance on that conduct."  United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).

Petitioner's claim that he lacked knowledge of the law does not rise to the level of an "extraordinary circumstance" for which the one-year limitations period will be tolled.  Consequently, the instant § 2254 petition is time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is time barred.

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this __15th__ day of June, 2006.

                                                 /s/ Charles A. Shaw
                                          **UNITED STATES DISTRICT JUDGE**